**Kenneth VAN WESTRIENEN and Deborah Van Westrienen, husband and wife, Plaintiffs,**

v.

**AMERICONTINENTAL COLLECTION CORPORATION, an Oregon corporation, and Phillip Allan Fischer, aka Gus McTavish, Defendants.**

No. CV–99–819–ST.

United States District Court,
D. Oregon.

Oct. 14, 1999.

Damon J. Petticord, Tigard, OR, for Plaintiffs.

Frank H. Lagesen, William G. Fig, Cosgrave, Vergeer & Kester, Portland, OR, for Defendants.

## OPINION AND ORDER

STEWART, United States Magistrate Judge.

### *INTRODUCTION*

Plaintiffs move this court for an order compelling defendants to produce the documents requested in Plaintiffs' First Request for Production and to pay plaintiff's their reasonable expenses for attorney fees incurred in bringing this motion (docket # 18). This motion is denied for the following reasons.

First, despite their certification to the contrary, plaintiffs have failed to comply with their obligation under Local Rule 7.1 to make "a good faith effort through personal or telephone conferences to resolve the dispute" before filing this motion. Plaintiffs' attorney did confer by telephone with defendants' attorney shortly after receiving defendants' response to plaintiffs' document request dated

July 12, 1999. At that time, defendants' attorney declined to withdraw his objections to plaintiffs' requests, but offered to produce some documents. Later correspondence, however, indicates that plaintiffs did not respond to defendants' subsequent overtures to resolve specific discovery disputes.

In a letter dated August 20, 1999, defendants' attorney reported that he had met with his client to address plaintiffs' discovery concerns, explained the difficulties and burden of accessing thousands of client files to locate documents requested by plaintiffs, and suggested that plaintiffs inquire at defendant Fischer's deposition concerning the use of the forms at issue. Because the requested tax returns may contain irrelevant information, he instead offered an affidavit of defendant Fischer reflecting the income of both defendants. He concluded by inviting plaintiffs' attorney to call if he had any questions or wished to discuss the matter further. Plaintiffs' attorney apparently did not call.

On September 15, 1999, defendants' attorney sent plaintiffs' attorney a letter enclosing defendant Fischer's affidavit and asking plaintiffs' attorney to let him know of any additional discovery plaintiffs felt entitled to receive. On September 22, 1999, plaintiffs' attorney left a voicemail message stating that defendant Fischer's affidavit was unacceptable, that plaintiffs were filing a motion to compel and that defendants had one last chance to produce the discovery. That type of telephone call does not satisfy this court's conferral requirement.

In response, defendants' attorney sent a letter the same day, via facsimile, asking plaintiffs to specifically identify what further information they required and, despite defendants' disagreement with plaintiffs' desire to obtain cart blanche access to defendants' computer systems and/or files, indicated that some issues potentially could be resolved prior to filing a motion to compel. Instead of conferring with defendants, plaintiffs' response was to file this motion to compel the very next day.

Although plaintiffs were understandably upset at defendants' belated document production when facing a discovery deadline of October 8, 1999, that is not a sufficient reason to ignore the offer by defendants' attorney to confer further in an attempt to resolve the discovery disputes. As indicated by defendants' response, it may have been possible to work out numerous issues prior to plaintiffs' precipitous filing of this motion to compel. Defendant Americontinental Collection Corporation ("AMC") has now produced its tax returns for the years 1996, 1997 and 1998 and defendant Fischer may be willing to produce additional information regarding his finances. Moreover, defendants may have been willing to negotiate some "middle ground" resolution regarding plaintiffs' requests for all of the various types of debt collection letters sent by defendants over the last three years. Plaintiffs never afforded defendants this opportunity.

■ Second, plaintiffs' requests for discovery for the most part are overly broad and unduly burdensome. Defendant Fischer has disclosed his income by means of an affidavit, which indicates that he is not a "multimillionaire" contrary to any such representation he made to plaintiffs. For purposes of punitive damages, plaintiffs are entitled to test the accuracy of his affidavit. However, the issue is defendant Fischer's financial ability to pay which is best measured in terms of his assets and liabilities as shown by a financial statement. A personal tax return often contains irrelevant and confidential information, especially if it is a joint return. At best, plaintiffs are only entitled to a redacted personal income tax return produced pursuant to a protective order.

With respect to plaintiffs' request for all letters sent by AMC to debtors, this court agrees with defendants' objections. Plaintiffs are not entitled to unbridled access defendants' computer system or to canvass all of defendants' debtor files. Plaintiffs should pursue other less burdensome alternatives, such as identifying the number of letters and their content.

### ORDER

For the foregoing reasons, it is hereby ordered that plaintiffs' Motion to Compel (docket # 18) is DENIED and that plaintiffs' attorney must personally meet and confer

with defendants' attorney within 10 days to resolve the pending discovery disputes.